**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Dowdy, | No. CV-25-00990-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| WRD Global LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendants WRD Global LLC, American Business Consultants LLC, and Douglas Harding (Doc. 16).  The Motion will be granted with only a slight modification in the amount requested.

## I.      Background

From approximately December 16, 2024, through January 27, 2025, Plaintiff Larry Dowdy worked for WRD Global, LLC ("WRD") as a wholesale distributor. (Doc. 1 ¶¶ 41, 42, 58).  Plaintiff says that at all relevant times, Defendant American Business Consultants LLC ("ABC") owned and operated as WRD, and that Defendant Douglas Harding ("Harding") owned WRD. (*Id*. ¶¶ 16, 18).  Plaintiff alleges that he was to be compensated by Defendants at a "semimonthly rate of approximately $2,500" regardless of the number of hours he actually worked. (*Id*. at ¶¶ 43, 45, 54).  The Complaint alleges that Defendants paid Plaintiff "$500 via two Zelle deposits" on January 6, 2025, and "$2,000 via a Zelle deposit" on January 8, 2025. (*Id*. ¶¶ 55–56).  Plaintiff says though he worked between 48

and 50 hours during the six workweeks employed by Defendants, these were the only payments they made to him.  (*Id*. ¶¶ 57–58).  Plaintiff left his employment with Defendants on January 27, 2025, because of their failure to pay him.  (*Id*. ¶ 60).

## II.    Procedural History

On March 25, 2025, Plaintiff filed his Verified Complaint against Defendants and others.  (Doc. 1).  Plaintiff brings claims for (1) unpaid overtime under the Fair Labor Standards Act ("FLSA"); (2) unpaid minimum wages under the FLSA; (3) unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"); and (4) unpaid wages under the Arizona Wage Act ("AWA").  (*Id*. ¶¶ 83–105).  The Complaint's prayers for relief request unpaid minimum and overtime wages, liquidated and treble damages, reasonable attorneys' fees and costs, and applicable interest.

Plaintiff served WRD, ABC, and Harding on March 28, 2025 (Docs. 6–8) and when they did not appear or timely respond to the Complaint, sought entry of default judgment (Doc. 10).  The Clerk entered default against WRD, ABC and Harding on May 30, 2025 (Doc. 11).  Plaintiff subsequently filed the pending Motion for Default Judgment (Doc. 16).  Defendants have not responded and have not otherwise appeared in this action.

## III.   Legal Standards

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  The plaintiff may thereafter apply for entry of a default judgment by the Court.  Fed. R. Civ. P. 55(b)(2).  In deciding whether to grant default judgment, the Court may consider: "(1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Upon default, the factual allegations in the complaint are taken as true except those relating to the amount of

damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  The Court may conduct an evidentiary hearing to determine the amount of damages, establish the truth of an allegation, or investigate any other matter.  Fed. R. Civ. P. 55(b)(2)(B)-(D).

## IV.   Discussion

Plaintiff asks that the Court enter default judgment in his favor because all seven *Eitel* factors are in his favor.  He says he is entitled to 16,500.00 in damages.  (*See* Doc. 16 at 3-14).  The Court largely agrees with Plaintiff.

### A.   Jurisdiction

Before entering judgment against Defendants, the Court must be assured it has jurisdiction over this matter and over the defaulting Defendants.

Plaintiff brings unpaid wage claims under the FLSA, AMWA, and AWA.  (Doc. 1). The Court has subject matter jurisdiction over Plaintiff's FLSA claim because it arises under the laws of the United States. *See* 28 U.S.C. § 1331. The Court has supplemental subject matter jurisdiction over Plaintiff's AMWA and AWA claims because the state law claims "are so related to" the federal FLSA claim "that they form part of the same case or controversy" under Article III of the Constitution. 28 U.S.C. § 1367(a). The Court has personal jurisdiction over the Defendants Plaintiff seeks default against because they have purposefully conducted business in Arizona, Plaintiff's wage claims arise out of Defendants' forum-related business activities, and Defendants have sufficient minimum contacts with Arizona such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

### B.   The *Eitel* Factors

A court's decision whether to enter a default judgment is a discretionary one. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Eitel*, 782 F.2d at 1471 (describing factors "which may be considered by court in exercising discretion as to the entry of default judgment").  In applying the *Eitel* factors, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true[,]" and the district court "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*,

- 3 -

285 F.3d 899, 906 (9th Cir. 2002). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### 1.    The First, Fifth, Sixth, and Seventh Factors

The Court can summarily address the first, fifth, sixth, and seventh *Eitel* factors because defaulting Defendants have failed to participate in the litigation.  The first *Eitel* factor weighs in favor of default judgment because denying Plaintiff's motion will leave him "without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  The fifth *Eitel* factor weighs in favor of default judgment because there is no dispute over material facts due to Defendants' failure to participate in the litigation.  *See id.* at 1177 (ruling that "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages.").  The sixth *Eitel* factor weighs in favor of default judgment because Defendants were properly served with process, and it is unlikely that their failure to answer was the result of excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (ruling that there was no excusable neglect when defendants were properly served with the complaint, notice of entry of default, and papers in support of the plaintiff's motion for entry of default judgment).  Although the seventh *Eitel* factor, which considers the policy favoring a decision on the merits, generally weighs against default judgment, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.  Therefore, the first, fifth, and sixth *Eitel* factors weigh in favor of default judgment, while the seventh Eitel factor is neutral.

### 2.    The Second and Third Factors

The merits of Plaintiff's claims and the sufficient of the complaint are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (cleaned up).  Of all the *Eitel* factors, "courts often

consider the second and third factors to be the most important." *Id*. (cleaned up).  After reviewing Plaintiff's Complaint, the Court concludes that Plaintiff states plausible claims against Defendants under the FLSA, AMWA, and AWA.

### i. Plaintiff's FLSA Claim for Failure to Pay Overtime (Count One) and Plaintiff's FLSA Claim for Unpaid Minimum Wages (Count Two)

The FLSA requires employers to pay their employees a minimum hourly wage and additional overtime wages for any time spent working in excess of a forty-hour workweek (not less than one and a half times the hourly wage). 29 U.S.C. §§ 206(a), 207(a).  "To establish a minimum wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) []he was an employee of Defendants, (2) []he was covered under the FLSA, and (3) Defendants failed to pay h[im] minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020).

### a. Employee

Under the FLSA, an "employee" is "any individual employed by an employer" and an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]"  29 U.S.C. § 203(d), (e)(1).  "An individual can be subject to liability under the FLSA as an employer if they 'exercise control over the nature and structure of the employment relationship, or economic control over the relationship.' " *Avila v. JBL Cleaning Servs. LLC*, 2024 WL 863710, at *3 (D. Ariz. Feb. 29, 2024) (quoting *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)).

Plaintiff alleges that Defendants are "employers" and that he is an "employee" under the FLSA. (Doc. 1, ¶¶ 14, 17, 19).  Plaintiff alleges that he was Defendants' employee at all relevant times and that they controlled his work schedule and conditions of employment, supervised his work, maintained his employment records, determined his wages and method of payment, and had authority to hire and fire employees.  (Doc. 1 ¶¶ 14–19). Plaintiff has sufficiently alleged that he was Defendants' employee for purposes of the FLSA.  *See Avila*, 2024 WL 863710, at *4.

/ / /

**b.    FLSA Coverage**

There are two types of coverage under the FLSA: individual and enterprise. *See Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914 (9th Cir. 2003). An employee has individual coverage if, during his work, he "is engaged in commerce[.]"  29 U.S.C. § 206(a). An employee has enterprise coverage if she works for an "enterprise engaged in commerce[.]" *Id*. Plaintiff sufficiently alleges that during his work for Defendants he was "employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in" 2023 and 2024. (Doc. 1 ¶¶ 36–40). *See* 29 U.S.C. § 203(s)(1).

**c.    Failed to Pay Minimum Wage or Overtime Wage**

The FLSA's minimum wage provision entitles employees to a wage "not less than $7.25 an hour." 29 U.S.C. § 206(a). To state a plausible minimum wage claim under the FLSA, a plaintiff must allege that his weekly wages fall below the statutory minimum. *Heck v. Heavenly Couture, Inc.*, No. 3:17-CV-0168-CAB-NLS, 2017 WL 4476999, at *4 (S.D. Cal. Oct. 6, 2017); *see also Alvarez v. IBP, Inc.*, 339 F.3d 894, 914-15 (9th Cir. 2003) (cleaned up) ("We have approved approximated awards where plaintiffs can establish, to an imperfect degree of certainty, that they have performed work and have not been paid in accordance with the FLSA.")  "To bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek in which []he worked in excess of forty hours and [was] not paid overtime wages." *Avila*, 2024 WL 863710, at *4 (citing *Landers*, 771 F.3d at 646).

Plaintiff contends that Defendants hired him to work as a wholesale distributor at a semimonthly rate of $2,500.00.  (*Id*. ¶¶ 42, 44).  Plaintiff avers that he worked approximately between 48 and 50 hours per workweek for six workweeks and was only compensated for two of those workweeks. (*Id*. ¶¶ 53-60).  Plaintiff alleges that Defendants never paid him overtime.  (*Id*. ¶ 75, 85.) Plaintiff sufficiently states claims for unpaid minimum and overtime wages under the FLSA.

/ / /

### iii.    Plaintiff's AMWA Claim for Unpaid Minimum Wages (Count Three)

The AMWA establishes the minimum wage an employer must pay an employee in Arizona. A.R.S. § 23-363(A)-(C). The Arizona minimum wage for 2025 requires Arizona employees to be paid no less than $14.70 per hour. A.R.S. § 23-363(B). To state a claim under the AMWA, a plaintiff must allege that he was not paid the applicable minimum wage for the hours he worked. *Coe v. Hirsch*, et al., No. CV-21-00478-PHX-SMM (MTM), 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021). With a few exceptions not relevant here, the AMWA defines an "employee" as "any person who is or was employed by an employer" and includes in the definition of "employer" any "limited liability company. . . [and] individual. . . acting directly or indirectly in the interest of an employer in relation to an employee[.]" A.R.S. § 23-362(A)–(B).

Defendants can be held liable under the AMWA as employers because Plaintiff alleges that WRD and ABC are limited liability companies and Harding acted in its interest in relation to employees. Plaintiff has also sufficiently alleged that Defendants failed to pay him any wages for approximately four workweeks of his employment with them. (Doc. 1 ¶¶ 96–97).

### iv.    Plaintiff's AWA Claim for Unpaid Wages

The AWA requires that "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" A.R.S. § 23-351(C). The AWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). The term "employer" is defined more narrowly under AWA than it is under the AMWA and FLSA. Under the AWA, an employer is defined as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). "This statutory definition does not, in other words, authorize individual liability

against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021) (citation omitted).

Plaintiff's allegations that he was employed by Defendants and that they paid him no compensation for four workweeks are sufficient to state a claim against WRD and ABC. Due to the narrow definition of employer under the AWA, however, liability cannot stand against Harding individually for his AWA claim.

### 3. The Fourth Factor

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008). Where a plaintiff seeks only statutory damages, this factor generally weighs in favor of default judgment. *See G & G Closed Cir. Events LLC v. Espinoza*, 2020 WL 377095, at *3 (D. Ariz. Jan. 23, 2020).

Accepting the complaint's allegations as true, Defendants failed to pay Plaintiff the wages he was due in violation of both federal and state law. Plaintiffs seek statutory damages in the amounts of $15,000.00 in trebled unpaid wages and $1,500.00 in liquidated overtime damages, for a total of $16,500.00. (Doc. 16 at 11). The Court does not conclude that these amounts are disproportionate to the seriousness of Defendants' misconduct, and this too favors default judgment. *Compare Wong v. White Rock Phlebotomy, LLC*, 2024 WL 897002 *6 (D. Ariz. Feb. 13, 2024) (finding defendants' alleged violations of state and federal law was serious enough to justify recover of $118,973.58 in damages).

### 4. Conclusion

Six of the seven Eitel factors favor default judgment. The Court therefore concludes that default judgment is appropriate.

### C. Damages

"The general rule of law is that upon default the factual allegations of the complaint,

- 8 -

except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp*, 559 F.2d 551, 560 (9th Cir. 1977). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). District courts within the Ninth Circuit have held that written affidavits or declarations are acceptable in lieu of a hearing. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100-01 (N.D. Cal. 2014) ("To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit."); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A] 'hearing'. . . need not include live testimony, but may instead rely on declarations submitted by the parties, so long as notice of the amount requested is provided to the defaulting party.").

When a defendant is found liable under the FLSA, the plaintiff is entitled to their unpaid minimum wages, their unpaid overtime wages, "and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see Avila*, 2024 WL 863710, at \*6 ("Double damages are the norm, and single damages are the exception.") (*citing Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003)); *Chao*, 346 F.3d at 920 (same and noting that "these liquidated damages represent compensation, and not a penalty.") (citations omitted). When a defendant is found liable under the AMWA for failure to pay minimum wages, the plaintiff is entitled to treble damages—the underpaid wages, including interest thereon, "and an additional amount equal to twice the underpaid wages[.]" A.R.S. § 23-364(G); *see Bhular v. Asteri Gp. Home LLC*, 2024 WL 1160721, at \*3 (D. Ariz. Feb. 29, 2024) (awarding "trebled damages for unpaid regular wages" under § 23-364(G)). Likewise, when a defendant is found liable under the AWA for failure to pay wages, the plaintiff may recover "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A); *see Avila*, 2024 WL 863710, at \*6 (same).

- 9 -

Plaintiff requests total damages in the amount of $16,500.00, consisting of $15,000.00 in trebled unpaid wages under the AWA, and $1,500.00 in doubled liquidated overtime damages under the FLSA. (Doc. 16 at 10–11).[1] Plaintiff can meet his burden of providing an evidentiary basis for the statutory damages he seeks by showing that he in fact performed work for which he was unpaid and presenting evidence to show the amount of that work "as a matter of a just and reasonable inference." *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)); *see Alvarez*, 339 F.3d at 914–15 (noting that the Ninth Circuit has approved approximated awards where "plaintiffs can establish, to an imperfect degree of certainty," that they have performed work for which they have not been paid); *Avila*, 2024 WL 863710, at *7 (awarding the plaintiff's estimated damages because they were provided for by statute and adequately supported by the calculations in her default judgment motion and supporting affidavit).

Here, Plaintiff's Motion is supported with his declaration that avows that he "worked for Defendants as a wholesale distributor from approximately December 16, 2024, through approximately January 27, 2025, or about six workweeks," that his rate of pay "was approximately $5,000 per month" and that he "was not paid any wages whatsoever for the remaining four workweeks of my employment." (Doc. 16-1 ¶¶ 6–9). He "conservatively estimate[s]" he worked "approximately 50 hours, for a total of 200 hours" in each of the four unpaid workweeks and was never paid overtime. (*Id.* ¶ 10).

Plaintiff reasonably estimates that his unpaid wages are $5,000.00 and his unpaid overtime wages are $740.00. (Doc. 16 at 10–11). Pursuant to the FLSA, the $740.00 owed

[1] Plaintiff correctly does not seek to stack minimum wage damages. *See id*. at 10 (explaining that the larger AWA damages engulf the smaller FLSA and AMWA amounts); *see also Avila*, 2024 WL 863710, at *6 (noting that there is no basis to authorize stacked awards under the FLSA, AMWA, and AWA) (citation omitted). *See also Barrons v. Smallwood*, 2024 WL 5056412 at *2 (D. Ariz. Dec. 10, 2024) ("Courts in the District of Arizona routinely conclude that plaintiffs bringing AWA, AMWA, and FLSA claims are entitled only to the maximum amount of damages under either the state or federal statutes. Thus, at least where an AWA claim is subject to trebling, it will generally engulf the amount owed under the FLSA and/or the AMWA, such that the latter claims are relevant only where, as here, certain defendants may be jointly and severally liable for the FLSA and AMWA violations but not for the AWA violations.") (cleaned up).

for unpaid overtime wages must be doubled to $1,480.00.[2] *See* 29 U.S.C. § 216(b); *Hetland v. Hirsch*, 2022 WL 657354, at *6 (D. Ariz. Mar. 4, 2022).  The $5,000.00 owed for unpaid wages may be trebled to $15,000.00 under the AWA. See A.R.S. § 23-355; *Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, *4 (D. Ariz. 2021) ("The Court possesses wide discretion in determining whether to award treble damages under § 23-355.").  For 200 unpaid hours at $14.70 per hour, Plaintiff accurately calculates that his state unpaid minimum wages claim totals $2,940.00, which, after trebling, amounts to $8,820.00 upon which all Defendants should be jointly and severally liable. (Doc. 16 at 10).

Plaintiff also is entitled to an award of reasonable attorneys' fees and costs. *See Cramton v. Grabbagreen Franchising LLC*, 2022 WL 1719687, at *24 (D. Ariz. May 27, 2022) ("[B]ecause Cramton prevailed on her AMWA claim in Count Four against Keely, she is entitled to recover her reasonable attorneys' fees and costs[.]") (citing A.R.S. § 23-364(G)); *Xalamihua v. GGC Legacy Janitorial Servs. LLC*, 2024 WL 942101, at *1 (D. Ariz. Mar. 5, 2024) ("The FLSA requires that the prevailing party be awarded reasonable attorney fees and costs.") (citing 29 U.S.C. § 216(b)).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 16) is **granted in part and denied in part**.  The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendants WRD Global LLC and American Business Consultants, LLC in the amount of **$16,480.00** plus post-judgment interest at the applicable statutory rate.  Defendant Douglas Harding is jointly and severally liable with Defendants WRD Global LLC and American Business Consultants, LLC for **$10,300.00** of that sum.  Post judgment interest on the above amounts shall accrue at a rate of 4.08% per annum as of July 17, 2025.

///

///

///

---

[2] Plaintiff includes an unexplained additional $20.00 in his doubling calculation.  This is the only point on which the Court disagrees with the Motion.

**IT IS FINALLY ORDERED** that Plaintiff may file a motion for attorneys' fee within 14 days after entry of judgment.   *See* LRCiv 54.2.

Dated this 25th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge